```
                        UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA

   * * * * * * * * * * * * * * *    )
   UNITED STATES OF AMERICA,        )    Criminal Action
                                    )      No. 20-00228
            Plaintiff,              )
                                    )
      vs.                           )
                                    )
   VALERIY KOUZNETSOV,              )    Washington, D.C.
                                    )    June 3, 2024
            Defendant.              )    2:15 p.m.
                                    )
   * * * * * * * * * * * * * * *    )


                  TRANSCRIPT OF REVOCATION HEARING
              BEFORE THE HONORABLE TREVOR N. McFADDEN
                    UNITED STATES DISTRICT JUDGE


   APPEARANCES:

   FOR THE GOVERNMENT:        KIMBERLY L. PASCHALL, ESQ.
                              UNITED STATES ATTORNEY'S OFFICE
                                FOR THE DISTRICT OF COLUMBIA
                              601 D Street, Northwest
                              Washington, D.C. 20530

   FOR THE DEFENDANT:         SANDRA G. ROLAND, ESQ.
                              JOHN ANTHONY, ESQ.
                              OFFICE OF THE FEDERAL PUBLIC
                                DEFENDER
                              625 Indiana Avenue, Northwest
                              Suite 550
                              Washington, D.C. 20004

   FOR U.S. PROBATION:        STEPHEN SMITH

   REPORTED BY:               LISA EDWARDS, RDR, CRR
                              Official Court Reporter
                              United States District Court for the
                                District of Columbia
                              333 Constitution Avenue, Northwest
                              Room 6706
                              Washington, D.C. 20001
                              (202) 354-3269
```

```
 1              THE COURTROOM DEPUTY:  Your Honor, this is
 2    Criminal Case 20-228, the United States of America versus
 3    Valeriy Kouznetsov.
 4              Counsel, please come forward to identify
 5    yourselves for the record, starting with the Government.
 6              MS. PASCHALL:  Good afternoon, your Honor.
 7    Kimberly Paschall for the United States.
 8              THE COURT:  Good afternoon, Ms. Paschall.
 9              MS. ROLAND:  Good afternoon, your Honor.  Sandra
10    Roland for Mr. Kouznetsov.
11              Also I'm joined by Mr. Anthony, who we brought on
12    this case because he has about three decades of experience
13    with criminal defense and mental healthcare.
14              MR. ANTHONY:  Four.
15              Good afternoon.
16              THE COURT:  Good afternoon, Mr. Anthony.
17              You all may have a seat.
18              We're here for a hearing on violation.
19    Ms. Paschall, where do things stand?
20              MS. PASCHALL:  So, your Honor, I've spoken with
21    Ms. Roland.  She has provided me with some paperwork from
22    Fairfax County that indicates that the charges on which the
23    Defendant was rearrested in Fairfax have been dismissed.
24              So with respect to that violation, the Government
25    does not intend to go forward.
```

1           There is another violation, I believe, which is a
2  failure to report after his release in February.  With
3  respect to that, at this point I believe Mr. Kouznetsov has
4  served perhaps four months at this point, three to four
5  months.
6           So the Government is not intent on asking for any
7  further jail time for that violation.
8           We are concerned with the report that all parties
9  received from his evaluation.  And so I think what the
10 Government is going to be asking for at this point is some
11 sort of modification of any terms of his foregoing
12 supervision that would accommodate the requests in the
13 report, primarily addressing the dual diagnoses, which I
14 won't address out loud on the record, but your Honor and
15 defense have.
16          I think that is the Government's primary concern
17 at this point.  It does seem to be what is driving his
18 future criminal activity.  The report writer's concerns
19 about his ability to reoffend are mostly based on those
20 diagnoses.
21          So at this point, your Honor, the Government would
22 be asking that we modify any conditions of supervision going
23 forward to address those concerns.
24          THE COURT:  Thank you.
25          So, Ms. Roland, given all that, and I do have a

```
 1     copy of that Virginia arrest warrant that looks like it's
 2     been quashed, is your client conceding the violation as to
 3     failure to report?
 4              MS. ROLAND:  Yes, your Honor.  He concedes the
 5     violation, which is a Grade C violation.
 6              THE COURT:  Okay.  So I think my inclination would
 7     be to revoke and rerelease; and we can talk about
 8     appropriate terms in a moment here.
 9              But does that make sense to you?
10              MS. ROLAND:  Yes.
11              THE COURT:  And, Ms. Paschall, does that make
12     sense to you?
13              MS. PASCHALL:  Yes, your Honor.
14              THE COURT:  And, Officer Smith, you also are in
15     agreement there?
16              THE PROBATION OFFICER:  I am not.
17              THE COURT:  You are not?
18              THE PROBATION OFFICER:  No.
19              THE COURT:  Officer Smith, come on in.
20              THE PROBATION OFFICER:  Stephen Smith on behalf of
21     U.S. Probation.
22              THE COURT:  Go ahead, sir.
23              THE PROBATION OFFICER:  Good afternoon, your
24     Honor.
25              The document that was provided by DBH just goes to
```

1     show a long history that Mr. Kouznetsov has with a severe
2     mental health condition and his unwillingness to address it.
3              I respect the idea of moving forward with some
4     sort of modification.  However, there are no modifications
5     that necessarily would protect the community and allow for
6     U.S. Probation to ensure that the community remain
7     protected.
8              Based on the information that was found to still
9     be current through the DBH assessment that we recently
10    received, it's par for the course with all the prior
11    assessments that Mr. Kouznetsov has received.  I won't go
12    into detail because the Court does have them in front of
13    you.
14             But at this point, Probation's recommendation is
15    that you order that he be committed to a 4241 assessment by
16    the BOP for them to make the necessary arrangements and
17    determinations as to his suitability.
18             Because as it stands right now, given his behavior
19    on this term of supervision as well as terms of supervision
20    prior, Probation does not have the ability to supervise him
21    as is.
22             THE COURT:  So are you imagining that he would get
23    involuntary treatment at BOP and then be released at the end
24    of that and hopefully be in a position where you can
25    supervise him?

1               THE PROBATION OFFICER:  They would go through an
2    assessment process where they would determine his competency
3    and whether or not he would be partial to a civil
4    commitment.
5               THE COURT:  Okay.
6               THE PROBATION OFFICER:  Under a civil commitment,
7    an individual can be released with all of the appropriate
8    measures in place, to include forced medication.
9               THE COURT:  And you couldn't -- I couldn't order
10   forced medication as a condition of supervised release with
11   mental health treatment?
12              THE PROBATION OFFICER:  To my knowledge, your
13   Honor, the medication condition would not -- it would not
14   uphold forcing injections.  That would be something that
15   would be done through the BOP and a conditional release
16   order, if that were to even be assessed, evaluated and
17   recommended.
18              THE COURT:  But again, if he's released, BOP isn't
19   going to be doing the forced treatment.  Right?
20              THE PROBATION OFFICER:  They would not.  But it
21   would be a different process and a different protocol in
22   which, in lieu of a revocation, it would be a recommitment.
23              THE COURT:  Thank you, Officer Smith.
24              THE PROBATION OFFICER:  Yes, sir.
25              THE COURT:  I think I should have started with

1    Officer Smith.
2           Ms. Paschall, do you want to -- is your position
3    still the same?
4           MS. PASCHALL:  I think the problem is that the
5    Government can only prove the violation on failure to
6    report, which, as Ms. Roland has noted, is a Grade C
7    violation.  And I just don't know -- I don't know enough
8    about the 4241 process to begin with.
9           And I don't know if that is an appropriate
10   sentence, given the violation that has been conceded.
11          I wholly agree with Mr. Smith that there are some
12   grave concerns in the DBH report.  And we do have strong
13   concerns about the Defendant reoffending.  I'm not sure,
14   given the current posture, what is available to the
15   Government and the Court.
16          THE COURT:  Understood.
17          I think what I want to do is continue this.  I
18   want to have -- maybe you can talk with folks in special
19   proceedings or somewhere else.  And I'd love for maybe the
20   four of you to chat afterwards about what you think is --
21          THE DEFENDANT:  This is really going too far now.
22          THE COURT:  Sorry.  You are not one of the four I
23   was talking about, sir.
24          We all want to kind of get Mr. Kouznetsov in the
25   best position to set him up for success and not to be back

1   here.
2          I'm not quite sure what that right path is.  I
3   hear Ms. Paschall's point about kind of the limited conceded
4   violation, and I'm not sure that I've got a lot of room to
5   maneuver.  But I also am concerned about just releasing the
6   Defendant and having him getting picked back up shortly.
7          So let's continue this.  Are you available
8   Wednesday afternoon, maybe 4:30, Ms. Paschall?
9          MS. FRANKEL:  This week is a little difficult,
10  your Honor.  We have a national security prosecutors'
11  conference.  So I think if we could look into the next week
12  that might be better.
13         MS. ROLAND:  Your Honor, I will be out of the
14  country from June 11 to June --
15         THE COURT:  So the 10th are you available?
16         MS. ROLAND:  Yes.
17         THE COURT:  Let's say at 9:00 a.m.  Does that work
18  for you, Ms. Paschall?
19         MS. PASCHALL:  Yes.
20         THE COURT:  Defense, does that work for you?
21         Sir, I'd love to have you here as well.
22  Mr. Smith, are you available then?
23         THE PROBATION OFFICER:  Yes, your Honor.
24         THE COURT:  I'm continuing this until 9:30 -- 9:00
25  on Monday the 10th.

1            I will ask the three attorneys to chat with
2    Officer Smith afterwards here to talk about what that civil
3    commitment might look like, and ideally we can have a joint
4    recommendation.  But I'll look up on this civil commitment
5    issue as well.
6            Thanks, folks.  I'll see you then.
7            MS. PASCHALL:  Thank you, your Honor.
8            (Proceeding concluded.)

1 **CERTIFICATE**

2

3  I, LISA EDWARDS, RDR, CRR, do hereby

4 certify that the foregoing constitutes a true and accurate

5 transcript of my stenographic notes, and is a full, true,

6 and complete transcript of the proceedings produced to the

7 best of my ability.

8

9

10  Dated this 5th day of June, 2024.

11

12  /s/ Lisa Edwards, RDR, CRR
    Official Court Reporter
13  United States District Court for the
      District of Columbia
14  333 Constitution Avenue, Northwest
    Washington, D.C. 20001
15  (202) 354-3269